**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMANI S. JONES,<br><br>                   Plaintiff,<br><br>                v.<br><br>UNITED STATES FOOD AND DRUG<br>ADMINISTRATION, et al.,<br><br>                  Defendants. | Civil Action No. 16-1286 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on twelve Motions to Dismiss Plaintiff Imani S. Jones's ("Plaintiff") Complaint filed by the following Defendants: (1) Dr. Marc Schucman ("Dr. Schucman"), Anne Klein Forensic Center ("AKFC"), Greystone Park Psychiatric Hospital ("Greystone"), and Trenton Psychiatric Hospital ("TPH") (ECF No. 125); (2) Dr. Joseph Kyu Chong ("Dr. Chong") (ECF No. 126); (3) Johnson & Johnson Healthcare Systems, Inc. ("J&J"), Janssen Pharmaceuticals, Inc. ("Janssen"), and Ortho McNeil Pharmaceuticals ("Ortho") (ECF No. 127); (4) Otsuka America Pharmaceutical, Inc.[1] ("Otsuka") (ECF No. 128); (5) GlaxoSmithKline LLC ("GSK") (ECF No. 129); (6) Mutual Pharmaceutical Company, Inc. ("MPC") (ECF No. 130); (7) the Department of Veterans Affairs ("VA"), and the United States Food and Drug Administration ("FDA") (ECF No. 131); (8) Rutgers University Behavioral Healthcare ("RUBH") (ECF No. 133); (9) Princeton House Behavioral Health Center ("PHBC")

---

[1] Defendant Otsuka America Pharmaceutical, Inc. was improperly identified in the Complaint as "Otsuka Pharmaceutical Co." (Otsuka's Mot. 1, ECF No. 128.)

(ECF No. 134); (10) Saint Peter's University Hospital ("Saint Peter's") (ECF No. 135); (11) Capital Health System, Inc.[2] ("Capital Health") (ECF No. 137); and (12) Robert Wood Johnson University Hospital ("RWJUH") (ECF No. 140) (collectively, the "Moving Defendants").[3] Plaintiff filed correspondence in opposition to limited issues (ECF Nos. 132, 136), and the Moving Defendants replied (ECF Nos. 125, 126, 127, 128, 129, 130, 131, 133, 134, 135, 137).[4] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court GRANTS the Moving Defendants' Motions to Dismiss.

I.  **Procedural History**

On March 4, 2016, Plaintiff filed the instant action against the Moving Defendants, Dr. Vinobha Gooriah ("Dr. Gooriah"), and Dr. Scott Beede ("Dr. Beede") (collectively, "Defendants"),[5] alleging, *inter alia*, that various doctors were reckless and negligent when treating

---

[2] Capital Health states that it was incorrectly pled as Capital Health Trenton, Mercer Medical Center, and Helene Fuld Medical Center in the Complaint. (Capital Health's Mot. to Dismiss, ECF No. 137.)

[3] As indicated in their Motion papers, the Moving Defendants (except for RWJUH, which submitted a new brief (ECF No. 140-5)) relied on the briefs that they filed in support of earlier motions to dismiss, which were filed prior to the Court's granting of Plaintiff's request for a stay. (*See* ECF Nos. 109, 113.) As the Court has since re-opened the case (ECF No. 124), the Moving Defendants have renewed their motions on the same grounds as their prior motions. Here, the Court references only the most recent Motion papers, but cites directly to the original briefs when discussing the parties' positions below.

[4] The Court cites to the Moving Defendants' Motions, as opposed to their reply briefs, because the Moving Defendants indicate in their Motions that, in addition to their original moving briefs, they also rely on their prior reply briefs and provide the specific ECF numbers of the reply briefs. When discussing the parties' positions below, however, the Court directly references the original briefs.

[5] Defendants Dr. Beede and Dr. Gooriah did not file motions to dismiss. Additionally, Dr. Gooriah filed correspondence on April 4, 2016, stating he is "not guilty in the alleged medical malpractice lawsuit," and that he retired from Anne Klein Forensic Center in 2013 and from Capital Health in

2

Plaintiff for her alleged medical condition, and that various pharmaceutical companies should be liable to Plaintiff for "making a bad drug." (Compl. 8, ECF No. 1.)[6] Defendants in this action are comprised of physicians, healthcare providers, pharmaceutical companies, and governmental entities. (*Id.*)

The Moving Defendants filed the instant Motions to Dismiss, arguing, *inter alia*, that: (1) Plaintiff failed to state a claim upon which relief may be granted; (2) lack of subject matter jurisdiction; (3) Plaintiff failed to timely file an Affidavit of Merit; (4) expiration of the statute of limitations; and (5) insufficient service of process.[7]

On December 15, 2016 and December 19, 2016, before all of the Moving Defendants filed their respective Motions to Dismiss, Plaintiff submitted substantively identical correspondence addressing the Affidavit of Merit issue. (ECF Nos. 132, 136.) Although Plaintiff's correspondence addressed the Affidavit of Merit issue, Plaintiff failed to file opposition with respect to the other issues raised by the Moving Defendants. As a result, the Court issued a Text Order on May 22, 2017, providing Plaintiff with a final opportunity to submit written opposition to the Moving Defendants' Motions to Dismiss. (May 22, 2017, Text Order, ECF No. 152.) Plaintiff failed to file additional opposition. Accordingly, with the exception of the Affidavit of Merit issue, the Court considers the Moving Defendants' Motions to Dismiss unopposed.[8]

---

July 2015. (Dr. Gooriah Corresp. 1, ECF No. 3.) Dr. Gooriah further explained that he is currently residing in his "native African nation of Mauritius." (*Id.*)

[6] The Court cites to the page numbers assigned by the electronic filing system.

[7] *See infra* Part IV.A (Parties' Positions).

[8] Even if the Court were to have considered Plaintiff's filings in opposition to the Moving Defendants' prior motions to dismiss, the Court's decision would have remained unaltered. As set forth below, the Court dismisses the Complaint for lack of subject matter jurisdiction. *See infra* Part V (Discussion). Plaintiff fails to establish subject matter jurisdiction in her various filings

3

## II. Background

Plaintiff alleges that, in May 2010, she was improperly diagnosed with respect to a medical condition by Dr. Chong and subsequently overmedicated by Dr. Gooriah, Dr. Schucman, and Dr. Beede, which caused "permanent bodily injury, organ damage, [and] systemic damage that could lead to untimely death." (Compl. 8.) Plaintiff asserts that these physicians used "poor medical judgment as to care taken and the precautions stated in the prescription inserts issued by the FDA for medical administration of medication under adverse effects warnings." (*Id.*) Additionally, Plaintiff alleges that these physicians "failed to reduce [the prescribed medication] in a timely fashion . . . or stop the medication and resort to other methods of therapy due to adverse reactions [suffered by Plaintiff], permanent[] damage[] [to her] auto immune system, [and] musculoskeletal system[,] and [a] tumor." (*Id.*)

Plaintiff also alleges that several pharmaceutical companies—Otsuka, J&J, Ortho, Janssen, GSK, and MPC—"[made] a bad drug." (*Id.*) Plaintiff claims product liability against these companies because they "have created medications that could result in permanent injury in the hands of the wrong provider." (*Id.*) In addition to these pharmaceutical companies, Plaintiff names the FDA and claims that it did not require that "health care providers adhere to warnings and adverse reaction[s] on medication inserts." (*Id.*) Further, Plaintiff asserts that the VA failed to treat her for "[s]ero positive Lupus and Srojens Syndrome." (*Id.* at 9.)

Plaintiff seeks monetary compensation in the amount of $50,000,000 for "possible permanent loss of breast and possible untimely death." (*Id.*) Additionally, Plaintiff states that "no one [would] treat [her] for the lupus . . . [and her] symptoms are escalating." (*Id.*) Moreover,

---

(ECF Nos. 18, 33, 34, 35, 36, 54, 58, 60, 61, 72, 73, 74, 75, 76, 77, 78, 79, 97, 100, 101, 102, 104, 105), as she merely argues that Defendants have violated the federal statutes she identifies in the Complaint (*see, e.g.*, Aug. 5, 2016 Pl.'s Opp'n 1, ECF No. 105).

Plaintiff alleges that "lupus is permanent [and] leads to chronic infection[,] hair loss[,] sensitivity to light . . . burns and rashes of the skin[,] memory loss[,] musculoskeletal problems[,] organ failure[,] and death." (*Id.*) Plaintiff further alleges that she has sustained numerous injuries including "neurological impairment [and] impa[i]red motor skil[ls]." (*Id.*)

### III. Legal Standards

#### A. Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 n.4 (3d Cir. 2011) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

#### B. Failure to State a Claim

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). When analyzing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. First, the

court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

In determining the sufficiency of a pro se complaint, the court must be mindful to accept its factual allegations as true and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). "[W]hile pro se pleadings are liberally construed, 'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Shepherd v. Fed. Bureau of Prisons*, No. 14-2992, 2015 WL 5692872, at *2 (D.N.J. Sept. 28, 2015) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## IV. Parties' Positions

### A. The Moving Defendants

First, various Moving Defendants[9] argue that Plaintiff fails to state a claim upon which relief may be granted because the Complaint is conclusory. Second, various Moving Defendants[10] argue that the Complaint should be dismissed for lack of subject matter jurisdiction. Third, various Moving Defendants[11] argue that the Complaint should be dismissed because Plaintiff failed to file a timely Affidavit of Merit. Fourth, various Moving Defendants[12] argue that Plaintiff's claims should be dismissed because the claims are time-barred by a two-year statute of limitations, under N.J.S.A. 2A:14-2. Fifth, various Moving Defendants[13] argue that the Complaint should be dismissed because Plaintiff did not properly serve these Defendants in accordance with the Federal

---

[9] These Defendants include Dr. Chong (Dr. Chong's Moving Br. 6-7, ECF No. 107), J&J, Janssen and Ortho (J&J, Janssen & Ortho's Moving Br. 5, ECF No. 23-1), Otsuka (Otsuka's Moving Br. 2-3, ECF No. 45-2), GSK (GSK's Moving Br. 1, ECF No. 3), MPC (MPC's Moving Br. 2-4, ECF No. 22-1), RUBH (RUBH's Moving Br. 14, ECF No. 112-2), PHBC (PHBC's Moving Br. 3-4, ECF No. 48-1), Saint Peter's (Saint Peter's Moving Br. 3-4, ECF No. 27-5), and RWJUH (RWJUH's Moving Br. 8-9, ECF No 140-5).

[10] These Defendants include Dr. Schucman (Dr. Schucman's Moving Br. 3-4, ECF No. 96-2), AKFC, Greystone and TPH (AKFC, Greystone & TPH's Moving Br. 3-4, ECF No. 99-3), Dr. Chong (Dr. Chong's Moving Br. 3), VA and FDA, (VA & FDA's Moving Br. 2-4, ECF No. 66-1), RUBH (RUBH's Moving Br. 9-10), PHBC (PHBC's Moving Br. 2-3), and RWJUH (RWJUH's Moving Br. 3-4).

[11] These Defendants include Dr. Chong (Dr. Chong's Moving Br. 3), PHBC (PHBC's Moving Br. 2), and Capital Health (Capital Health's Moving Br., ECF No. 53).

[12] These Defendants include Dr. Schucman (Dr. Schucman's Moving Br. 4-5), AKFC, Greystone and TPH (AKFC, Greystone & TPH's Moving Br. 4-5), Dr. Chong (Dr. Chong's Moving Br. 4-5), RUBH (RUBH's Moving Br. 7-8), and RWJUH (RWJUH's Moving Br. 4-5).

[13] These Defendants include Dr. Schucman (Dr. Schucman's Moving Br. 5-6), AKFC, Greystone and TPH (AKFC, Greystone & TPH's Moving Br. 5-6), Otsuka (Otsuka's Moving Br. 1-2), RUBH (RUBH's Moving Br. 11-13), and RWJUH (RWJUH's Moving Br. 6-8).

Rules of Civil Procedure and New Jersey Court Rules. *See* Fed. R. Civ. P. 12(b)(5), 4(h); N.J. Ct. Rule 4:4-4(a)(1).

### B. Plaintiff

Plaintiff's limited oppositions appear to respond only with respect to the Affidavit of Merit issue. Plaintiff states that she "[has] been told by multiple practitioners legal and medical: [that she] need[s] to be a licensed and insured professional to get an Affidavit of Merit; other than that they take your information, and you don't get a statement on record which is the Affidavit of Merit." (Dec. 15, 2016 Pl.'s Opp'n 11, ECF No. 132.) Furthermore, Plaintiff states, "basically the lawyers and doctors get all the information but a pro se plaintiff gets nothing [and] I need to learn how to litigate properly to win my case." (*Id.*) Aside from her arguments regarding the Affidavit of Merit, Plaintiff sets forth factual allegations that do not appear to respond to any of the Moving Defendants' Motions to Dismiss. (*See id.* at 8-10.)

## V. Discussion

Plaintiff alleges in her Complaint that the bases for federal court jurisdiction are: (1) United States government defendant; (2) federal question; and (3) diversity of citizenship. (Compl. 2.) Upon review of the Complaint and the parties' submissions, however, the Court finds that it lacks subject matter jurisdiction over this matter.

### A. United States Government Defendant

The United States government defendants in this matter are the FDA and the VA (collectively, "these Defendants" for the purpose of this subsection). These Defendants move to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). These Defendants argue that "because Plaintiff

has not presented an administrative claim to [the FDA or the VA], this Court lacks subject matter jurisdiction" over this case. (VA & FDA's Moving Br. 4.) The Court agrees.

The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2675, governs common law tort liability where claims are made against the federal government and its employees. Accordingly, if a party chooses to bring suit against a United States government defendant, she must comply with the requirements set forth under 28 U.S.C. § 2675, which provides that:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Here, the Court finds that Plaintiff did not comply with 28 U.S.C. § 2675. These Defendants submitted two documents demonstrating Plaintiff's failure to comply with the FTCA: (1) the Affidavit of Celeste Girgenti[14] (the "Affidavit"); and (2) the Declaration of James C. Anagnos[15] (the "Declaration"). In the Affidavit filed by the VA, Girgenti states that she is "the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to the VA under the [FTCA]." (VA & FDA's Moving Br., Girgenti Aff. 1, ECF

---

[14] Celeste Girgenti ("Girgenti") is a control clerk in the United States Department of Veterans Affairs, Office of Chief Counsel. (VA & FDA's Moving Br., Girgenti Aff. 1, ECF No. 66-3.)

[15] James C. Anagnos ("Anagnos") is a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. (VA & FDA's Moving Br., Anagnos Decl. 1, ECF No. 66-2.)

No. 66-3.) Further, Girgenti states that "[a]gency procedures require that all FTCA claims be submitted to [her] office for review." (*Id.*) Girgenti explained that "[o]n or about April 27, 2016, [she] caused a thorough search to be made of the FTCA claim records" and, after her investigation, found that "[n]o FTCA claim was presented to [the] VA by Plaintiff . . . arising out of the incident described in the [C]omplaint." (*Id.* at 2.) In the Declaration filed by the FDA, Anagnos states that "[t]he Claims Office maintains in a computerized tracking system . . . all FTCA administrative claims presented to the [FDA]. [Anagnos] searched the . . . system and determined that [Plaintiff] has not presented an administrative claim under the FTCA to the [FDA]." (VA & FDA's Moving Br., Anagnos Decl. 1, ECF No. 66-2.)

For these reasons, and because the FTCA's "[exhaustion] requirement is jurisdictional and cannot be waived," Plaintiff's claims against the United States government defendants in this matter do not provide a basis for subject matter jurisdiction.[16] *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

### B. Federal Question

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." When determining whether a Court can assert federal question jurisdiction, "[a] complaint may be dismissed under Rule 12(b)(1) 'only if [the claim raised therein] clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" *Yoder v. Morrow*, 671 F. App'x 27, 28 (3d Cir. 2016) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Here, as the bases for federal question jurisdiction, the

---

[16] The Court further notes that the Defendants who did not file motions to dismiss—Dr. Gooriah and Dr. Beede—are not United States government defendants, as they are individual physicians who allegedly failed to properly diagnose and/or treat Plaintiff. (Compl. 8.)

Complaint lists five federal statutes: (1) 18 U.S.C. § 24; (2) 21 U.S.C. § 1101; (3) 21 U.S.C. § 1102; (4) 21 U.S.C. § 1115; and (5) 28 U.S.C. Ch. 171. (Compl. 2.)

Upon reviewing the referenced statutes, the Court finds that these federal statutes are clearly immaterial to Plaintiff's claims and wholly insubstantial and frivolous, as none of these statutes provides for a private right of action. Rather, these statutes provide definitions of terms, policy issues regarding drug abuse, procedures for the Attorney General, and torts claims procedures. Specifically, the first statute that Plaintiff lists, 18 U.S.C. § 24, defines the term "federal health care offense" in the context of federal criminal statutes. The second statute that Plaintiff asserts, 21 U.S.C. § 1101, includes a list of congressional findings regarding drug abuse in the United States. The third statute that Plaintiff cites, 21 U.S.C. § 1102, consists of a Congressional declaration of policy regarding drug abuse in the United States. Fourth, Plaintiff cites 21 U.S.C. § 1115, which sets forth a procedure for "when the Attorney General determines that there is evidence that . . . a drug or other substance . . . has a potential for abuse." Finally, the fifth statute Plaintiff references is the FTCA, which, as discussed above with respect to the FDA and the VA, does not provide a basis for the Court's jurisdiction over this matter. For these reasons, even liberally construing the Complaint,[17] the Court finds that Plaintiff's claims do not provide a basis for federal question jurisdiction.

C. **Diversity of Citizenship**

Plaintiff also argues that the Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. 2.) To establish diversity jurisdiction, "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties

---

[17] *See Shah v. Bank of Am., N.A.*, No. 16-6168, 2016 WL 6134515, at *1 (D.N.J. Oct. 20, 2016) (stating that a pro se complaint should be "liberally construed" when analyzing a motion to dismiss for lack of subject matter jurisdiction).

and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" *Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted). Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—*i.e.*, where the plaintiff and any defendant are citizens of the same state. *Schneller*, 387 F. App'x at 292.

Here, it appears that at least one of the Defendants is a citizen of the State of New Jersey. As PHBC sets forth in its Answer, Princeton HealthCare System owns and operates PHBC. (PHBC's Answer 1, ECF No. 49.) Princeton HealthCare System is a New Jersey nonprofit corporation and operates PHBC in Princeton, New Jersey. (*Id.* at 1, 6; *see* Compl. 6 (pleading that PHBC is located in New Jersey)); *see also McCarthy v. Hamilton Farm Golf Club, LLC*, No. 11-1565, 2011 WL 1775728, at *3 (D.N.J. May 9, 2011) (finding that a nonprofit corporation incorporated in New Jersey "is deemed a citizen of New Jersey"). Moreover, in the section of the Complaint setting forth the basis for diversity of citizenship, Plaintiff names Dr. Chong and Dr. Gooriah, and pleads that both of them are citizens of New Jersey. (Compl. 8.) Because Plaintiff is a citizen of New Jersey (Compl. 1, 8),[18] and at least one of the Defendants is a citizen of New Jersey, Plaintiff has failed to establish complete diversity of citizenship. For these reasons, the Court finds that it lacks subject matter jurisdiction over this matter based on the alleged diversity of citizenship.

---

[18] Plaintiff pleads that she is a citizen of New Jersey and that she resides in New Jersey. (Compl. 1, 8.)

## VI.     Conclusion

For the reasons set forth above, the Moving Defendants' Motions to Dismiss are GRANTED. The Complaint is dismissed on all claims and as to all Defendants without prejudice for lack of subject matter jurisdiction. Plaintiff may file an Amended Complaint by the deadline set forth in the accompanying order. Moreover, this decision does not preclude Plaintiff from filing her claims in the appropriate state court within the deadlines and in compliance with the rules set forth by the appropriate state court. An order consistent with this Memorandum Opinion will be entered.

Dated: July 18, 2017

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

13